```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

LOIS GULLAGE,                  )
                               )
          Plaintiff,           )
                               ) C.A. No. 04-10231-DPW
     v.                        )
MR. CAPOLUPO,                  )
CLERK MAGISTRATE,              )
          Defendant.           )
```

MEMORANDUM AND ORDER

For the reasons stated below, plaintiff's complaint shall be dismissed.

BACKGROUND

On February 3, 2004, plaintiff Lois Gullage, a resident of Chelsea, Massachusetts, filed an application to proceed without prepayment of the filing fee and a complaint against a clerk-magistrate of the Boston Municipal Court in East Boston. Gullage claims that she brought an action against her daughter in that court because her daughter allegedly had failed to repay a loan of $1200. Complaint, p. 2. Plaintiff contends that the clerk-magistrate was not "fair with his decision" and that he dismissed her claims based on her daughter's testimony that the funds were a gift, rather than a loan. Id. at 3-4.

ANALYSIS

I.   The Court May Screen This Action

When a plaintiff seeks to file a complaint without prepayment of the filing fee, summonses do not issue so that

the Court may conduct a preliminary review of the complaint and determine if it satisfies the substantive requirements of Section 1915.. See 28 U.S.C. § 1915.  A district court may dismiss a complaint filed in forma pauperis "at any time" if the court determines that the action lacks an arguable basis in law or fact, seeks relief against a defendant who is immune from liability, or fails to state a claim.   Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the former § 1915(d)); 28 U.S.C. § 1915(e)(2)(b).

In forma pauperis complaints may be dismissed sua sponte and without notice under Section 1915 if the claims are based on an indisputably meritless legal theory or factual allegations that are clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 32-33 (1992)  Here, plaintiff's claims are based on indisputably meritless legal theories because judicial officers have absolute immunity and because federal district courts may not review the decisions of state courts.

   II.  The Defendant Has Judicial Immunity

The doctrine of judicial immunity protects judges from suit for any normal and routine judicial act.  See, e.g., Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curiam) ("[J]udicial immunity is an immunity from suit, not just from the ultimate assessment of damages); Pierson v. Ray, 386 U.S. 547, 553-554 (1967) (absolute judicial immunity

protects integrity of judicial process); Allard v. Estes, 292 Mass. 187, 189-190, 197 N.E. 884, 886 (1935) (stating that it is "too well settled to require discussion, that every judge, whether of a higher or lower court, is exempt from liability to an action for any judgment or decision rendered in the exercise of jurisdiction vested in him by law."). Judicial immunity may include certain "quasi judicial" officers, such as clerk-magistrates who perform a judicial function and thus must be able to act freely without the threat of a law suit. Cf. Commonwealth v. O'Neil, 418 Mass. 760, 767, 641 N.E.2d 702, 706 (1994) (clerk-magistrate had no judicial immunity for physical assault on another).

Only judicial actions taken in the clear absence of all jurisdiction will deprive a judge of absolute immunity. Cok v. Consentino, 876 F.2d 1, 2 (1st Cir. 1989); Stump v. Sparkman, 435 U.S. 349, 356-357 (1978) (scope of judge's jurisdiction construed broadly). Even, as here, where a plaintiff alleges that a decision was legally incorrect, such allegations do not pierce the immunity extended to judges. Moore v. Brewster, 96 F.3d 1240, 1244 (9th Cir. 1996); cf. Stump, 435 U.S. at 356-357 (alleged erroneous, malicious acts). Thus, plaintiff's claims against defendant Capolupo must be dismissed because plaintiff's claims are based solely on his judicial acts. Stump, 435 U.S. at 356-357; Pierson, 386 U.S. at 553-554; Jefferson v. City of Hazlehurst, 936 F. Supp. 382, 387 (S. D. Miss.

1995) (judicial immunity protects judge from liability for acts or omissions in exercise of his judicial function or capacity within limits of his jurisdiction) (citing Cleavinger v. Saxner, 474 U.S. 193, 199 (1985)).

### III. Federal Courts Lack Jurisdiction to Directly Review State Court Decisions

Lower federal courts are without subject-matter jurisdiction to sit in direct review of state court decisions pursuant to the Rooker-Feldman doctrine. Hill v. Town of Conway, 193 F.3d 33, 34 (1st Cir. 1999) (citing Wang v. New Hampshire Bd. of Registration, 55 F.3d 698, 703 (1st Cir. 1995)).[1] The Rooker-Feldman doctrine precludes a federal action if the relief requested in the federal action would effectively reverse a state court decision or void its holding. Id. at 39 (citation omitted). The jurisdiction to review state court decisions lies exclusively with superior state courts and, ultimately, the United State Supreme Court. See District of Columbia Ct. App. v. Feldman, 460 U.S. 462, 482-86 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923).

Here, to the extent that plaintiff's complaint may be read as

---

[1] The Rooker-Feldman doctrine is a distillation of two Supreme Court decisions: Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). See Hill, 193 F.3d at n. 1 (describing history of doctrine).

4

attempting to appeal a final decision of the Boston Municipal Court[2] to this Court, this Court lacks jurisdiction over plaintiff's claims and they are subject to dismissal.  See Hill, 193 F.3d 33 at 34.

## CONCLUSION

ACCORDINGLY, this action is dismissed as lacking any legal merit under 28 U.S.C. § 1915(e)(2) for the reasons stated above.

SO ORDERED.

Dated at Boston, Massachusetts, this 4th day of March, 2004.


/s/ Douglas P. Woodlock
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE

---

[2]It appears, but is not clear, that plaintiff brought her claims in Boston Municipal Court pursuant to its small claims procedure.  See Mass. Gen. Laws ch. 218, §§ 21-25 (small claims procedure; claims for money damages less than $2,000). A plaintiff who files a claim pursuant to the small claims procedure is deemed to waive a trial by jury and any right of appeal to a jury of six session in district court.  Mass. Gen. Laws, ch. 218 § 23; accord Bischof v. Kern, 595 N.E.2d 802, 803-804, 33 Mass. App. Ct. 45, 46-47 (1992) (same).